**C. G. REIN COMPANY, etc.,**
**Respondent,**

v.

**Arthur C. ROEMER, Commissioner of**
**Revenue, Department of Revenue,**
**State of Minnesota, Appellant.**

**No. 50751.**

Supreme Court of Minnesota.

March 27, 1981.

Warren Spannaus, Atty. Gen., Dept. of Revenue, St. Paul, for appellant.

Larkin, Hoffman, Daly & Lindgren, Minneapolis, for respondent.

TODD, Justice.

The Commissioner of Revenue appeals from the judgment entered in the Ramsey County District Court determining that the fees charged by the plaintiff, C. G. Rein Company, d.b.a. Phalen Tennis Club, Como Tennis Club and Lilydale Tennis Club, for use of its tennis, racquetball and handball courts are not "sales" within the meaning of Minn.Stat. § 297A.01, subd. 3(d) (1980). We affirm.

There is no dispute that the plaintiff owns and operates three buildings containing tennis, racquetball and handball facilities and that members of the general public become eligible for their use by paying an annual membership fee. Thereafter, separate and additional rental fees ranging from $4 to $10 per hour are paid for the specific times that the members use the court facilities. One of the clubs, Lilydale,

has an outdoor swimming pool, the use of which is included in the original membership fee.

This controversy arose when an audit of the plaintiff's records by the commissioner revealed that the company had not remitted sales taxes in connection with the collection of court use fees. The commissioner, then, over the objection of the plaintiff, filed a sales tax return on behalf of the plaintiff, assessing tax, penalties and interest in the amount of $35,144.38. The plaintiff commenced this action to obtain a judicial declaration that the court fees are not "sales" as defined in section 297A.01, subd. 3(d) and therefore not subject to the taxation sought to be imposed by the commissioner. This appeal followed the trial court's interpretation that the statute was not framed to include court use fees.

Minn.Stat. § 297A.01, subd. 3(d) (1980), provides in pertinent part as follows:

A "sale" and a "purchase" includes, but is not limited to, each of the following transactions:

\* \* \* \* \* \*

(d) The granting of the privilege of admission to places of amusement or athletic events and the privilege of use of amusement devices[.]

The Commissioner of Revenue promulgated Sales and Use Tax Regulation 109, pursuant to Minn.Stat. § 297A.29 (1980), in furtherance of its interpretation of the subject statute. The regulation provides in part as follows:

Admission charges to any place of amusement or athletic events within Minnesota, therefore constitute a sale. The following partial list is illustrative:

\* \* \* \* \* \*

Admission to golf courses and tennis courts[.]

13 M.C.A.R. Tax S & U § 109 (1979).

As observed by the district court, the statute is framed in the disjunctive, authorizing the imposition of sales tax liability either for the *admission to* places of amusement and athletic events *or* for the *use* of amusement devices. In interpreting the import of the distinction, the district court correctly concluded that with respect to the former category, the legislature intended only that admission be taxed and with respect to the latter, it was intended that the use alone be taxed. Our inquiry is therefore whether the payment of a court use fee falls within either legislative category.

It is our view that the court use fees are not charged to authorize admission to a place of amusement or an athletic event. *See Northland Country Club v. Commissioner*, 308 Minn. 265, 241 N.W.2d 806 (1976). The more difficult question is whether the fees are imposed to authorize the use of an "amusement device."

In *Fridley Recreation & Service Co. v. Commissioner*, 292 Minn. 260, 194 N.W.2d 584 (1972), we rejected the state's contention that fees charged bowlers for the use of bowling alleys were "admission" charges, but concluded, after acknowledging that the matter was not free from doubt, that the bowling lane, approach area and mechanical equipment constituted "an amusement device," the use of which was a taxable occurrence. Thereafter, the tax court, in apparent utilization of the *Fridley Recreation* holding, concluded that fees charged for participating in bingo games were paid "for the privilege of use of amusement devices." *South Robert Street Business Men's Town Social Club v. Commissioner*, No. 1572, (Minn.T.Ct. June 21, 1972).

Our decision in *Northland Country Club* is controlling. We there specifically noted that the conclusion in *Fridley Recreation* that the bowling lane and associated equipment were amusement devices was phrased in cautious language and that in construction of the definition of "device" as an "invention or contrivance," we stated that:

[I]t seems a much greater strain of this definition to include real property thereunder than it does to include the bowling and bingo equipment involved in these earlier cases. All of the club facilities which the commissioner contends are amusement devices, with the exception of flagsticks and tennis court nets, are real

property. If, as we stated in *Fridley Recreation*, it is doubtful that a bowling lane with all of its attendant "contrivances" constitutes an "amusement device," then the question whether tennis courts, swimming pools, and golf courses so qualify is a fortiori subject to greater doubt. *Northland Country Club v. Commissioner*, 308 Minn. 265, 269, 241 N.W.2d 806, 809 (1976).

Based upon that analysis, the district court was correct in concluding that tennis, racquetball and handball courts are not "amusement devices" and that the fees charged for their use are not taxable under section 297A.01, subd. 3(d).

Affirmed.

SHERAN, C. J., and OTIS, J., took no part in the consideration or decision of this case.